ALVIN BELL, DIRECTOR ET AL *v.* MARTHA L. ADAMS

5-4435                                         422 S. W. 2d 691

Opinion delivered January 15, 1968

*Ted R. Christy; Joe Purcell,* Attorney General; *William R. Hass,* Asst. Atty. General, for appellants.

*Fletcher Long,* for appellee.

CONLEY BYRD, Justice. Appellants Alvin Bell, Theo Money, John Cage and Walter L. Hinton, Jr., director and board members of the Arkansas Alcohol Beverage Control, appeal from a chancery court decision holding invalid Act 352 of 1939 because a majority of the Senate did not vote in its favor as required by Ark. Const. art. 5 § 22. The only point on appeal is that the chancery court did not have jurisdiction of the subject matter.

In her petition for declaratory judgment appellee, Martha L. Adams, stated that her request to move the location of her liquor permit from the city of Forrest City to a place outside thereof had been denied solely because of the prohibition against the location of liquor stores outside city limits contained in Act 352 of 1939. She alleged the act was invalid because the Senate Journal showed that a majority of the Senate did not vote

for its passage as required by art. 5 § 22 of the Constitution when the vote of Hon. Paul Gutensohn—whom we held to be neither a de jure nor a de facto senator in *Matthews* v. *Bailey,* 198 Ark. 830, 131 S. W. 2d 425 (1939)—was not counted. Appellants' response, in addition to the admission and denial of certain facts, affirmatively prayed for a determination of the constitutional validity of the act. This matter was presented to the chancellor upon stipulated facts and the authenticated copies of the Senate Journal. Thus the jurisdictional issue here raised was not presented to the trial court.

We have consistently held that where a defendant has answered and not reserved any objection to the court's jurisdiction on the ground that there is an adequate remedy at law, he can not raise the issue for the first time on appeal. See *Reid* v. *Karoley,* 232 Ark. 261, 337 S. W. 2d 648 (1960), and *Taylor* v. *Bank of Mulberry,* 177 Ark. 1091, 9 S. W. 2d 578 (1928).

While the sale of intoxicating liquor has been held a mere privilege subject to the exercise of the police power, *Gipson* v. *Morley, Comm'r of Revenues,* 217 Ark. 560, 233 S. W. 2d 79 (1950), it does not follow that a permit validly issued or subject to issue is not entitled to the protection of a court of equity. To hold that the location at which one can exercise such a privilege is not an economic right, as distinguished from a mere political right (see *Catlett* v. *Republican Party* 242 Ark. 283, 413 S. W 2d 651 [1967]), for purposes of equity jurisdiction would require us to ignore the practical fact that the sale of liquor is a remunerative business.

Furthermore, it appears that exhaustion of administrative remedies through the Board under Ark. Stat. Ann. §§ 48-1313 to -1316 (Repl. 1964) would have been futile because of the prohibition in Act 352 against such location. Under such circumstances it is often recognized that the failure to exhaust such remedies is not a prerequisite to judicial relief. See 2 Am. Jur. 2d Admin-

istrative Law § 605. However, we do not reach the issue here since it was not raised in the trial court.

Affirmed.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. Ark. Stat. Ann. § 48-1314 (Repl. 1964) provides that any applicant or licensee, who feels aggrieved by an order of refusal issued by the Director, "may appeal from such order or decision to the Alcoholic Beverage Control Board by filing a notice of appeal with the said board." Section 48-1316 sets out that the licensee, "if dissatisfied with the decision of the board, may appeal to the Circuit Court of Pulaski County."

There is nothing in the record to reflect that Mrs. Adams has filed any notice of appeal with the Alcoholic Beverage Control Board, and this litigation has wound up in the Chancery Court, instead of the court provided by statute (Circuit Court of Pulaski County). In other words, appellee had an adequate remedy at law.

As early as November 9, 1914, this court pointed out in the case of *Wade* v. *Horner*, 115 Ark. 250, 170 S. W. 1005, that the sale of intoxicating liquors is not a matter of right, protected by constitutional guarantees, but is only a privilege, and the General Assembly, in legalizing same, "may impose such restrictions as it deems appropriate." This case was quoted, and the holding reiterated, in *Gipson* v. *Morley, Commissioner of Revenue*s (1950), 217 Ark. 560, 233 S. W. 2d 79.

The General Assembly saw fit to enact the statutes heretofore mentioned, and I think statutory procedure should be followed.

I therefore respectfully dissent.