Clarence E. OKESON, Appellant/Appellee,

v.

TOLLEY SCHOOL DISTRICT NO. 25, County of Renville, State of North Dakota, a public corporation; and Terry Spear, Ernest Mau, Wayne Hellebust, Carol Resch, and Gerald Egeberg, individually and as members of the School Board of Tolley Public School District No. 25, Appellees/Appellants.

Nos. 84–1254, 82–1255.

United States Court of Appeals, Eighth Circuit.

July 1, 1985.

McMillian, Circuit Judge, filed dissenting opinion.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ORDER ON PETITION FOR REHEARING

On petition for rehearing Chief Judge Lay and Judge Ross find that there was sufficient evidence in the record to allow the jury to pass upon the issue of good faith and the defense of qualified immunity

of the individual school board members. The jury was properly instructed on these issues. Under the circumstances of the return of the favorable jury verdict, we find the judgment in favor of the individual school board members should be affirmed. The qualified immunity defense was, in the instant case, a question of fact. Individual members sought and were given advice by the school board attorney that grounds for discharge existed and that no further hearing was required. This was a reasonable assumption since there was no question that Okeson had appeared before the board and that an open discussion of the board's concerns had occurred. After this confrontation, the board members could in good faith assume that the attorney's advice was correct and that no further hearing was necessary.

Judgment in favor of the individual members of the school board is affirmed. We agree that the panel opinion, 760 F.2d 864, reversing the judgment in favor of the board should be reversed.[1]

McMILLIAN, Circuit Judge, dissenting.

I dissent from the above order affirming the judgment in favor of the individual members of the school board. I believe that the school board *and* the school board members are liable because the school board members violated constitutional rights which were clearly established. Under the *Harlow v. Fitzgerald* test, "officials ... are shielded from liability for civil damages [only] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (citations omitted). "Whether an official may prevail in his [or her] qualified immunity defense depends upon the 'objective reasonableness of [his or her] conduct as measured by reference to clearly established law.' ... No other 'circumstances' are relevant to the issue of qualified immunity." *Davis v. Scherer,* — U.S. —, 104 S.Ct. 3012, 3018–19, 82

L.Ed.2d 139 (1984). Under the *Harlow* test, "even an official who acts in the sincere subjective belief that his [or her] actions are proper will lose his [or her] qualified immunity if those actions contravene 'settled, indisputable law.' " *Williams v. Treen,* 671 F.2d 892, 899 (5th Cir.1982) (citations omitted), *cert. denied,* 459 U.S. 1126, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983). Whether the school board members are entitled to qualified immunity therefore depends only upon the objective reasonableness of their conduct as measured by clearly established law.

The constitutional right, which the school board members violated, was Okeson's right to notice and a hearing. The conduct challenged occurred in November 1981. The Eighth Circuit in a number of decisions prior to 1981 considered the procedural due process rights of persons who hold a property right in continued employment.

The court in a 1977 case stated this general principle: "The Fourteenth Amendment, however, compels a pretermination hearing for state employees holding contractual rights to continued state employment...." *Wilderman v. Nelson,* 467 F.2d 1173, 1175 (8th Cir.1972). In *Kennedy v. Robb,* 547 F.2d 408, 415 (8th Cir.1976), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977), this court held that a public employee must be given an opportunity prior to suspension and discharge to make a rebuttal to the charges against him or her, even though the statute provided that the employee was subject to dismissal for cause and was only entitled to a post-termination evidentiary hearing. In *Navato v. Sletten,* 560 F.2d 340, 345 (8th Cir. 1977) (citations omitted), this court held that

> [t]here are ... certain minimum procedural requirements which must accompany any deprivation of liberty or property. First, "[b]efore a person is deprived of a protected interest, he must be afforded opportunity for some kind of a hearing, 'except for extraordinary situations

---

1. The school board did not move for rehearing.

where some valid governmental interest is at stake that justifies postponing the hearing until after the event.' " ... In addition, since the right to be heard is of little value unless one is informed as to the matter which is pending, procedural due process requires that some kind of prior notice be given.

This court in the above case held that a physician who had a contract with a Division of Mental Health had a property interest and must be afforded procedural due process.

The District Court for the Eastern District of Arkansas held that a police officer was denied even the "barest essentials of due process" because he was given no prior notice, was refused "any statement of particular incidents at the hearing," and no evidence was brought forward to substantiate any of the reasons advanced for termination. *Parks v. Goff*, 483 F.Supp. 502, 506–07 (E.D.Ark.1980). The district court, citing *Brouillette v. Board of Directors*, 519 F.2d 126, 128 (8th Cir.1975), held that the minimal requirements of due process include (1) clear and actual notice of the reason for termination with sufficient detail to enable the person charged to present evidence relating to the charges, (2) notice of both the names of those who have made allegations against the accused and the specific nature and factual basis for the charges, (3) a reasonable time and opportunity to present testimony in his or her own defense, and (4) a hearing before an impartial board or tribunal. *Parks v. Goff*, 483 F.Supp. at 506–07.

A review of the cases cited above and many more from other jurisdictions indicate that the law in 1981 was clear and established concerning the procedural due process rights of a person terminated from employment.

The fact that the school board members consulted an attorney is largely irrelevant—because what is in question is whether the government official's action (i.e. terminating appellant) violated "clearly established statutory or constitutional rights of which a reasonable person would have known" and not whether the government official's action in consulting an attorney was reasonable. "If the law was clearly established," then, according to *Harlow* 457 U.S. at 818–19, 102 S.Ct. at 2738–39, "the [qualified] immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct."

Moreover, as noted in *Wood v. Strickland* (which is no longer limited to the context of school discipline and was cited in *Harlow*, 457 U.S. at 815 n. 25, 102 S.Ct. at 2737 n. 25, as a general statement of the qualified immunity standard), "a school board member, who has voluntarily undertaken the task of supervising the operation of the school and the activities of the students, must be held to a standard of conduct based not only on permissible intentions, but also on knowledge of the basic, unquestioned constitutional rights of his [or her] charges." *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975).

Chief Judge Lay in *Wentz v. Klecker*, 721 F.2d 244, 248 (8th Cir.1983), stated that employers "may not rely on their ignorance of even the most esoteric aspects of the law to deny individuals their due process rights." The right violated in this case was not "esoteric" but was clearly established. The school board members had a duty to know and not to violate the basic constitutional rights of their employees. They may not be excused from this duty and from liability for the violation because their attorney gave them erroneous advice.