## McArthur DAVIS *v.*
## GENERAL MOTORS CORPORATION

74-351                                   521 S.W. 2d 214

### Opinion delivered April 14, 1975

*Paul K. Roberts,* for appellant.

*Shackleford, Shackleford* and *Phillips,* for appellee.

GEORGE ROSE SMITH, Justice. Smart Chevrolet Company, after having repossessed and resold a car which it had originally sold to McArthur Davis, brought this suit against Davis for a deficiency judgment. Davis filed a counterclaim against Smart (the dealer) and a third-party complaint against General Motors Corporation (the manufacturer), asserting breaches of warranty. General Motors succeeded, upon the pleadings alone, in obtaining a dismissal of the third-party complaint against it. This appeal is from the order of dismissal. Inasmuch as that order affects a substantial right and strikes a pleading, it is an appealable order within the terms of the statute. Ark. Stat. Ann. § 27-2101 (Supp. 1973).

The dismissal came about in this way: The original sum-

mons was served upon Davis on April 10, 1974. On April 24 Davis filed an answer to the complaint, a counterclaim against Smart, and a motion "pursuant to Arkansas Statutes, Section 34-1007," for leave to make General Motors a party and to serve a summons and third-party complaint upon that corporation. On April 30 the trial court entered an order which, without making any reference to the statutes, directed that General Motors be made a party to the case. On May 6 Davis filed his third-party complaint against General Motors, seeking damages for breach of warranty. Counsel for General Motors, in asking that Davis's third-party complaint be dismissed, pointed out that Davis's motion of April 24 had cited a section of the Uniform Contribution Among Tortfeasors Act, Ark. Stat. Ann. § 34-1007 (Repl. 1962). Counsel asserted that General Motors was not a joint tortfeasor and that the third-party complaint should therefore be stricken.

The motion to strike the third-party complaint should have been denied. Obviously Davis's motion for leave to bring in General Motors was in error in its reference to the Uniform Contribution Among Tortfeasors Act, because Davis was asserting a cause of action against General Motors, not a claim for contribution. The third-party complaint itself made that fact perfectly clear. Davis was entitled to file that pleading. Ark. Stat. Ann. § 27-1134.1 (Supp. 1973). There is no possibility whatever that General Motors was misled by the superfluous reference to the Uniform Act. The error must therefore be disregarded, as it does not affect the substantial rights of General Motors. Ark. Stat. Ann. § 27-1160 (Repl. 1962).

Reversed.