## SMART CHEVROLET COMPANY v.
### McArthur DAVIS

76-400                                          558 S.W. 2d 147

Opinion delivered December 5, 1977
(In Banc)

*Purtle, Osterloh & Weber,* for appellant.

*Paul K. Roberts,* for appellee.

GEORGE ROSE SMITH, Justice. Smart Chevrolet Company brought this action to obtain judgment for a deficiency resulting from its repossession and resale of a car which it had sold to the defendant, McArthur Davis, in 1973. Davis filed a counterclaim against Smart and a third-party complaint against the manufacturer, General Motors Corporation. An earlier appeal disposed of a procedural point. *Davis* v. *General Motors Corp.*, 257 Ark. 983, 521 S.W. 2d 214 (1975). Upon trial the jury returned a $678.93 verdict in favor of Davis against Smart and a verdict in favor of General Motors. Smart alone appeals. (A synopsis of the testimony was approved by the trial judge pursuant to Ark. Stat. Ann. § 27-2127.11 [Repl. 1962].) A new trial must be ordered because of the submission to the jury of an erroneous measure of the damages recoverable by Davis against Smart.

Davis testified that after he had used the car for several months it began using oil and stopped running properly. He said he took the car to Smart for repairs and stopped making his monthly payments when Smart refused to return it to him. Smart's proof tended to show that the engine had been damaged by having been run without enough oil. General Motors proved that it had given Smart a $400 credit for the installation of a new engine. Smart's failure to show that it passed on to Davis the benefit of that credit justified the jury's differing treatment of the dealer and the manufacturer, so that the two verdicts are not necessarily inconsistent.

Smart cites our decision in *Hudspeth Motors* v. *Wilkinson,* 238 Ark. 410, 382 S.W. 2d 191 (1964), to support its argument that Davis cannot claim damages for breach of warranty after having failed to reject the car within a reasonable time. It is true there was not a seasonable rejection. In fact, Davis's own statement that he discontinued his payments because Smart refused to return the car rebuts his present insistence that there was a timely rejection. That omission, however, is not a bar to a claim for breach of warranty. On this point our holding in *Hudspeth* was specifically overruled in *Stimson Tractor Co.* v. *Heflin,* 257 Ark. 263, 516 S.W. 2d 379 (1974).

On the other hand, the proof would have justified a finding by the jury that Davis promptly asserted his claim for

breach of warranty. Written notice is not required by the Uniform Commercial Code. Davis did return the car for repairs, with an explanation of its asserted defects, and General Motors' offer to replace the engine implies a recognition that the car was defective. The court erred, however, in instructing the jury that the measure of damages for breach of warranty was the amount of Davis's down payment and monthly installments. The correct measure of damages is the difference between the actual value of the car and the value it would have had if it had been as warranted. Ark. Stat. Ann. § 85-2-714 (Add. 1961); *Kohlenberger* v. *Tyson's Foods,* 256 Ark. 584, 510 S.W. 2d 555 (1974). There is no evidence of that difference; so the verdict against Smart cannot be sustained.

Reversed and remanded.

BYRD, J., not participating.