ARKANSAS IRON AND METAL COMPANY, et al. *v.*
FIRST NATIONAL BANK OF ROGERS, ARKANSAS

CA 85-103                                    701 S.W.2d 380

Court of Appeals of Arkansas
Division I
Opinion delivered December 11, 1985

246

*Taylor & Watson*, by: *W.H. Taylor* and *Jeff Watson*, for appellant.

*Kelley & Luffman*, by: *Eugene T. Kelley*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a judgment entered jointly and severally against appellants Arkansas Iron and Metal Company and Wilma F. Yaffee in the amount of $538,301.84 plus interest and costs. Appellant Wybash Corporation also appeals from an *in rem* judgment of foreclosure entered against it. Appellants contend for reversal that (1) the court erred in refusing to grant a continuance, (2) the court erred in failing to direct a verdict for appellant Wybash Corporation, and (3) the court erred in failing to direct a verdict for appellants Arkansas Iron and Metal Company and Wilma F. Yaffee. We affirm.

This action was instituted by appellee's filing of a complaint in equity and petition for receiver. Appellant Arkansas Iron and Metal Company subsequently filed for relief under the United States Bankruptcy Code. Appellant Yaffee answered appellee's complaint, denying that any collateral and security claimed by appellee was significantly impaired and affirmatively pleading that the appointment of a receiver was not necessary nor an appropriate remedy. Appellant Wybash Corporation also answered, affirmatively pleading that the mortgage held by appellee upon property owned by Wybash Corporation was granted to

appellee without consideration. Its answer further alleged that it received nothing from appellee in connection with the mortgage and that the granting of the mortgage to appellee without consideration was *ultra vires* as to Wybash Corporation and without any legal effect. Thereafter, appellant Arkansas Iron and Metal Company's petition in bankruptcy was dismissed and the trial court issued an order naming appellee as receiver of appellant Arkansas Iron and Metal Company. A hearing was conducted and the issues addressed were whether appellee should be allowed to accelerate the total indebtedness due it and whether appellee should be allowed to foreclose its interest in certain personal and real properties. Judgment favorable to appellee was entered upon a finding that appellee's property and security was significantly impaired and that appellants Yaffee and Arkansas Iron and Metal Company were in default and appellants appeal.

Appellant Yaffee was president of and owned 100% of the corporate stock in appellant Arkansas Iron and Metal Company and Yaffee and her three children worked in this scrap metal business. Stock in appellant Wybash Corporation was owned by appellant Yaffee and her three children. Appellant Yaffee held 62.5% of its stock while each of her children held 12.5%.

In its decree, the chancellor found that on or about July 16, 1981, appellant Yaffee, d/b/a Arkansas Iron and Metal Company, executed and delivered a promissory note to appellee in the amount of $300,000. In order to secure the note, appellants Yaffee and Arkansas Iron and Metal Company executed security agreements. To further secure payment of the indebtedness, appellant Yaffee executed, acknowledged and delivered a mortgage covering real property in Benton County, Arkansas. Appellant Wybash Corporation, to further secure the payment of the note, executed, acknowledged and delivered its mortgage on real property also located in Benton County, Arkansas. On or about October 19, 1981, appellant Yaffee, d/b/a Arkansas Iron and Metal Company, executed and delivered her promissory note to appellee in the amount of $75,000. The note was secured by certain mortgages on real property and was executed by appellants Yaffee and Wybash Corporation. It was also secured by personal property, including accounts receivable, inventory and equipment of appellant Arkansas Iron and Metal Company. On March 4, 1982, appellant Yaffee executed and delivered another

promissory note to appellee in the amount of $50,000. A promissory note was executed by appellant Yaffee, d/b/a Arkansas Iron and Metal Company, on August 25, 1982, in the amount of $50,000. The note was secured by appellant Yaffee's security agreement on accounts receivable, inventory and equipment of Arkansas Iron and Metal Company. On or about June 8, 1983, appellant Yaffee executed and delivered her promissory note to appellee in the amount of $10,069. This note was secured by appellant Yaffee's assignment of her interest in a 1981 Cadillac. The vehicle was surrendered to appellee in full satisfaction of the debt. Another promissory note was executed by appellant Yaffee, d/b/a Arkansas Iron and Metal Company to appellee in the amount of $10,000. It was secured by accounts receivable, inventory and equipment of Arkansas Iron and Metal Company. On March 31, 1983, appellant Yaffee executed her personal guarantee to appellee, guaranteeing all notes in the name of Arkansas Iron and Metal Company. On that same date, appellant Yaffee and Yaffee, d/b/a Arkansas Iron and Metal Company, executed an agreement for the assumption of indebtedness whereby Arkansas Iron and Metal Company assumed the indebtedness of the promissory note dated July 16, 1981, in the amount of $300,000; the promissory note dated October 19, 1981, in the amount of $75,000; the promissory note dated August 25, 1982, in the amount of $50,000; the promissory note dated March 4, 1982, in the amount of $50,000; and the promissory note dated November 5, 1982, in the amount of $10,000.

The chancellor further found that appellee's property and security was significantly impaired and that appellants Yaffee and Arkansas Iron and Metal Company had failed to make payments and were in default.

In their first assignment of error, appellants contend that the trial court erred in refusing to grant a continuance because First National Bank of Fayetteville, Arkansas, was an indispensable party under ARCP Rule 19. It is well settled that a trial court is vested with broad discretion in determining whether to grant a continuance and that its determination will not be overturned by this Court unless that discretion has been manifestly abused. *Odaware* v. *Robertson Aerial-AG, Inc.*, 13 Ark. App. 285, 683 S.W.2d 624 (1985). In denying appellants' motion for a continuance, the trial court found that appellants were

entitled to raise the issue at that point but that it was unnecessary for a minority stockholder to be named a party in a mortgage foreclosure.

ARCP Rule 19, which deals with compulsory joinder of parties, provides in pertinent part as follows:

(a) Persons To Be Joined If Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

(b) Determination By Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1) - (2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The Reporter's Notes to Rule 19 state that subsection (a) concerns itself with the question of who is a "necessary" party while 19 (b) deals with whether a necessary party is an "indispensable" party. It is further stated in the Reporter's Notes that this rule abolishes the rigid distinctions between necessary and

indispensable parties and instead places the emphasis upon the practical effects a judgment might have upon an absent party. For other cases construing ARCP Rule 19, *see Loyd* v. *Keathley*, 284 Ark. 391, 682 S.W.2d 739 (1985); *Cox* v. *Stayton*, 273 Ark. 298, 619 S.W.2d 617 (1981); *Toney* v. *Haskins*, 271 Ark. 190, 608 S.W.2d 28 (Ark. App. 1980).

Appellants contend that the First National Bank of Fayetteville, Arkansas, meets the definition set out by ARCP Rule 19 and was an indispensable party to this action. They contend that if First National Bank is absent, complete relief cannot be afforded among those parties present as the Yaffee children owned an equitable interest in 37.5% of appellant Wybash Corporation. Further, it is argued that First National Bank of Fayetteville must claim an interest relating to the subject matter of the action based upon appellants' Exhibits 1 and 2. Appellants' Exhibits 1 and 2 reflect that the First National Bank of Fayetteville agreed to act as trustee over a trust set up for the use and benefit of the Yaffee children. A portion of the corpus of the trust was composed of each of the children's ownership of 12.5% of the stock in appellant Wybash Corporation. Also, it is contended that disposition of the action without the bank present impaired and impeded the bank's ability to protect its interests. Finally, appellants argue that the failure to join First National Bank of Fayetteville left appellant Yaffee at a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the bank's interest. In this regard, appellant Wybash Corporation contends that, in view of the *in rem* judgment entered against it, appellant Yaffee was in the untenable position of facing litigation from her own children by the Trust Department of the First National Bank of Fayetteville.

We agree with the trial court's conclusion that it was unnecessary for First National Bank of Fayetteville, trustee for minority shareholders in appellant Wybash Corporation, to be named a party in this cause of action. It is axiomatic that a shareholder is not a proper party, much less a necessary or indispensable party, in a suit to foreclose a corporate mortgage. As stated in the chapter concerning mortgages and deeds of trust in 7 W. Fletcher, *Cyclopedia Of The Law Of Private Corporations* § 3247 (rev. vol. 1978), the stockholders of the mortgagor are not necessary defendants in suits to foreclose corporate

mortgages. Reference can also be made to 19 C.J.S. *Corporations* § 1203 (1940), which provides in part as follows:

> Stockholders of a corporation, which is still a going concern, not only need not be joined as defendants in a suit brought to foreclose a mortgage executed by the corporation, but as a rule will not even be permitted to defend in their individual capacity.

A corporation is a legal entity which, being distinct from its members, owns the corporate property and owes the corporate debts, is the creditor to sue *or the debtor to be sued,* has perpetual existence, and can act only through its duly constituted organs, primarily its board of directors. H. Henn, *Laws Of Corporations And Other Business Enterprises* § 78 (3d ed. 1983) (emphasis ours). As stated in *Red Bud Realty Co.* v. *South*, 96 Ark. 281, 291, 131 S.W. 340, 344 (1910), "A stockholder does not acquire any estate in the property of a corporation by virtue of his stock; the full legal and equitable title thereto is in the corporation, . . ." It is also worthy of note that ARCP Rule 4(d)(5) provides that service of a summons and complaint upon a domestic corporation is accomplished by delivering it to an officer. Accordingly, we hold that the trial court did not abuse its discretion in refusing to grant appellants' motion for a continuance on the basis that First National Bank of Fayetteville was an indispensable party. Appellant Wybash Corporation was a party to this action and was the proper party to be sued, not its shareholders or their trustee.

Appellants' second argument on appeal concerns the trial court's failure to direct a verdict for appellant Wybash Corporation. They argued below that there was no evidence that appellant Wybash Corporation received any consideration for the execution of two mortgages and moved for a directed verdict at the end of appellee's case. Ark. Stat. Ann. § 64-801 (Repl. 1980), provides in pertinent part:

> Mortgage of corporate assets—Corporate borrowings.—In authorizing—
>
> (a) the procurement of corporate loans, the creation of obligations under which the corporation is to be primarily or secondarily liable, and the issuance of corporate notes,

bonds and other obligations, and

(b) the mortgage and pledge of all or any part of the corporate assets (including after-acquired property) as security for any obligation(s) so incurred,

the board of directors shall not be required to procure any consent from, or authorization by, the shareholders, except in the instance of the increase of bonded indebtedness of the corporation. . . .

■ The Arkansas Supreme Court in *Quattlebaum and CBM* v. *Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972), held that in order for a note to be valid, consideration does not have to move to a party promising, but may move from a promisor to a third person, and consideration may consist of a loan to a third person. In *Quattlebaum*, the appellant also raised the issue of "failure of consideration". The Court found this defense was without merit. It quoted from *Rockafellow* v. *Peay*, 40 Ark. 69, 73 (1882), wherein it was stated:

"It is not necessary to the validity of Gordon N. Peay's note and mortgage that he should have derived any benefit from the transactions out of which they arose. It is sufficient that a valuable consideration moved from the plaintiff to his brother. The consideration for the execution of the first mortgage was a loan of $4,000 to John C. Peay."

*See also Hays* v. *McGuirt*, 186 Ark. 702, 55 S.W.2d 76 (1932).

■ The resolution of this issue turns on whether appellant Yaffee was empowered to execute mortgages on behalf of appellant Wybash Corporation. In denying appellants' motion for directed verdict, the trial court properly relied upon a resolution of appellant Wybash Corporation which gave apparent authority to its president, appellant Wilma Yaffee, to negotiate and procure loans from appellee, to give security for any liabilities of the corporation by pledge, assignment or lien, and to execute instruments for those purposes. There were other issues raised in this regard by appellants but we cannot consider them as they are raised for the first time on appeal. We find no merit to this assignment of error.

■ For their final point for reversal, appellants contend

that the trial court erred in failing to direct a verdict for appellants on the issue of accord and satisfaction because appellee failed to comply with the trial court's liquidation order of June 11, 1984. As appellee readily points out, accord and satisfaction is an affirmative defense and must be specifically pled. ARCP Rule 8(c). In the case at bar the record reflects that accord and satisfaction was not pled by appellants. It was raised by appellants for the first time at trial when they moved for a directed verdict. In any event, this argument is without merit as the mere receipt of property by a receiver under a court order does not constitute accord and satisfaction nor can it be considered a compulsory disposition of collateral under the Uniform Commercial Code. We agree with appellee that Ark. Stat. Ann. § 85-9-505(2) (Add. 1961), which appellants rely upon, does not apply to the facts of this case. It is clear from the Committee Comments following § 85-9-101 that this article, covering secured transactions, does not apply to real property or the creation of a real estate mortgage. This article instead provides for the regulation of security interests in personal property and fixtures.

For the reasons stated above we affirm the decision of the trial court.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.