Patricia SPEIGHT *v.* Benjamin SPEIGHT/Hakim Beyah

CA 89-159                                   781 S.W.2d 39

Court of Appeals of Arkansas
Division II
Opinion delivered December 13, 1989

*Jewel E. Holloway*, Child Support Enforcement Unit of Pulaski County, for appellant.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Chancery Court. Appellant, Patricia Speight, appeals the dismissal of her motion asking that appellee, Benjamin Speight/Hakim Beyah, be cited for contempt for his failure to comply with the October 4, 1983, agreed order by which

he was to pay child support in the amount of $200.00 per month. We reverse and remand.

The parties here were divorced in Pulaski County Chancery Court, Second Division, on September 29, 1972. Appellant was awarded custody of the couple's two minor children and appellee was ordered to pay child support at the rate of $40.00 per week.

Following appellant's first petition to show cause, appellee on March 12, 1975, was held in contempt for his failure to comply with the prior order of the court concerning child support payments. At that hearing appellee was ordered to make the $40.00 per week payments through the Master in Chancery. It was further ordered that appellant have judgment against appellee in the amount of $720.00 for arrearages in child support.

In 1979, appellant, then a resident of Michigan, through that state filed an incoming Uniform Reciprocal Enforcement of Support Act action asking the court to order appellee to properly support his minor children. A hearing on the petition was held November 27, 1979, at which time child support was set at $60.00 per week and a wage assignment was granted.

Appellant again in 1981 filed a motion and show cause order. A December 7, 1981, hearing resulted in judgment for appellant in the sum of $11,315.00 for past due child support and a wage assignment for $75.00 per week. Of this amount, $60.00 was to be current support and $15.00 was to be applied to arrearages.

On October 4, 1983, another contempt motion filed by appellant was resolved. By way of an agreed order entered into by the parties appellant was given judgment for an additional $3,760.00 in arrearages and child support was revised to $160.00 per month for current support and $40.00 per month to be applied to arrearages.

Appellant, on October 25, 1988, filed an amended motion alleging new arrearages of $5,955.00 for the period March 1, 1984, through August 31, 1988. At the November 8, 1988, hearing on the motion in Pulaski County Chancery Court, appellee's counsel moved that appellants' motion be dismissed based on the common law theory of election of remedies. Appellee asserted that the 1983 wage assignment barred any subsequent action for contempt because the two were opposite remedies.

From the chancellor's granting this oral motion to dismiss with prejudice comes this appeal.

Appellant raises the following three points for reversal: 1) The chancellor erred in granting appellee's oral motion to dismiss because it was not properly pled or proven; 2) the chancellor erred in granting appellee's oral motion to dismiss based on an election of remedies theory because the "remedies" sought herein do not fit the requirements for an election of remedies theory; 3) the chancellor erred in granting appellee's oral motion to dismiss based on an election of remedies theory because Ark. Code Ann. § 9-14-202 proscribes such a ruling. However, because we find merit in appellant's second point we will not address the first or last points.

Appellant in her second point argues that a wage assignment for the payment of chid support and a motion and show cause order requesting that the court exercise its contempt power are not the types of totally separate remedies to which the election of remedies doctrine applies.

For the election of remedies doctrine to apply there must be concurrent, inconsistent remedies. *Toney* v. *Haskins*, 271 Ark. 190, 608 S.W.2d 28 (Ark. App. 1980). Furthermore, the election of remedies rule is not favored by the courts. *Id.* at 198, 608 S.W.2d at 32.

The first consideration is whether there actually are two remedies involved. In making this determination we look at both the nature of a wage assignment and that of the contempt order. In support of her argument appellant asserts that a show cause proceeding in which the defendant is accused of willful contempt of court for failing to pay child support will be adjudicated on the merits by the court. After either a judgment is granted for the arrearages or the defendant purges himself of the contempt or otherwise satisfies the court's requirement in this regard, the proceeding is finalized and the plaintiff cannot in the future raise the same issues concerning those arrearages. The issue regarding those particular arrearages is *res judicata* in any subsequent proceeding.

She also contends that in contrast, a wage assignment is merely a procedural administrative device made available to the

court by statute to facilitate the regular payment of child support. The court, at any time upon proper motion, can modify the wage assignment as to the amount paid and the time of payments, as well as the party to whom it is directed.

Appellant continues by stating that a contempt proceeding instituted by the obligee in a child support case is clearly a legal remedy which is pursued to enforce the obligation, whereas, the implementation of an income withholding order is not a legal remedy in the sense required to make the election of remedies doctrine applicable.

■ We agree with appellant's assertion that the actions of requesting a wage assignment for payment of a child support obligation and a subsequent show cause proceeding are not two remedies between which the movant is required to choose under the election of remedies theory. Therefore, it was error for the chancellor, based on an election of remedies theory, to dismiss appellant's motion for contempt. For this reason we reverse and remand.

Reversed and remanded.

COOPER and ROGERS, JJ., agree.