Cite as 2021 Ark. App. 78

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–20–266

|  |  |
|---|---|
| J.M.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 17, 2021<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72JV-19-875]<br><br>HONORABLE STACEY ZIMMERMAN, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant J.M. appeals the circuit court's grant of the State's motion to transfer his criminal case from the juvenile division of the circuit court. He contends that the court erred by refusing to accept his plea of true or guilty and by granting a hearing to the State after it filed a motion to transfer less than an hour before his arraignment hearing on the charges. Additionally, he argues that the State was estopped from filing the transfer motion on the basis of the election-of-remedies doctrine. We affirm.

The State filed a delinquency petition on October 3, 2019, alleging that on September 6, seventeen-year-old J.M. committed the offenses of attempted capital murder,

aggravated robbery, and tampering with physical evidence.[1]  The court held a detention hearing on October 4 and ordered J.M. held without bond pending arraignment, which was set for October 14 at 9:00 a.m.  The State filed a motion to transfer and an accompanying brief on October 14 prior to J.M.'s arraignment.

At the arraignment, J.M.'s counsel indicated that J.M. wished to enter "a finding of true delinquency or plea of guilty."  J.M. was also being arraigned on two other cases and indicated that he wished to plead guilty to those charges, "subject to the Court's acceptance of a guilty plea in 875."  The court subsequently asked the State it's position, and the State indicated that it objected to the court's acceptance of the change of plea.[2]  The State reminded the court that there was a pending motion to transfer and stated that there was more evidence to be obtained and more information to be gained.  J.M.'s counsel responded that J.M. had an "absolute right to enter that guilty plea," and a denial of that right is a denial of his due process and "would operate to deny him life, liberty, [and] property."  Counsel also contended that the State "elected" not to file the case in "adult court" and questioned the timeliness of the motion to transfer.  Counsel further argued that the Arkansas Rules of Civil Procedure apply to juvenile-delinquency cases.  The court and the State disagreed with all of counsel's arguments.  The court declined to accept J.M.'s plea.  The arraignment order was filed on October 15.  In the order, the court indicated that it

---

[1]An amended petition was filed on October 4.

[2]The detention order indicated that J.M. was entering a plea of not guilty. Additionally, when counsel entered his appearance due to a conflict with the Washington County Public Defender's Office, he indicated that he wished to enter a plea of not guilty on J.M.'s behalf.

declined to accept the guilty plea because "there is a pending motion to transfer and there has not been adequate time for the parties to gather evidence." A transfer hearing was set for November 5.[3]

J.M. filed an answer and an accompanying brief to the State's transfer motion on October 24, reiterating the arguments that were made at the arraignment hearing. J.M. filed a motion on November 22 to designate his juvenile case as extended juvenile jurisdiction (EJJ) as an alternative to a transfer to the criminal division.

The transfer hearing took place on December 2 and 6. At the beginning of the hearing, J.M. asked the court to accept his true or guilty plea to the delinquency petition. The State argued that the court was not required to accept the plea but had discretion to reject the plea. After arguments from both sides, the court, again, denied the motion. The court then proceeded with the transfer hearing. On January 6, 2020, the court entered an order denying EJJ as well as an order granting the State's request to transfer J.M.'s case to the criminal division of the circuit court. The orders clearly laid out the ten factors as required in Arkansas Code Annotated section 9-27-318(g)[4] and sufficiently explained why the court found that EJJ was not warranted and why the case should be moved to the criminal division. J.M. filed a timely notice of appeal on January 16. This interlocutory appeal followed.[5]

---

[3]The hearing did not take place on this date due to a continuance.

[4](Repl. 2015).

[5]J.M. does not challenge any of the court's findings in the orders denying EJJ and transferring his case.

3

As his first point on appeal, J.M. argues that the circuit court erred by not accepting his guilty plea and granting a hearing to the State on its transfer motion. He contends, as he did below, that he had an absolute right to plead guilty, and the State was without authority to "thwart"—and the circuit court was without authority to reject—his guilty plea. He complains that the circuit court gave "no consideration to the Rules of Civil Procedure at all" and that Rule 24.3(d) of the Arkansas Rules of Criminal Procedure[6] does not give the State the right to object to, or the circuit court the right to reject, a plea in this case.

J.M. argues that his attempt to plead guilty was more akin to an admission in civil court and that, pursuant to Rule 8(d) of the Arkansas Rules of Civil Procedure,[7] any allegation not denied is admitted. He further contends that there is nothing in the rules of civil procedure that would allow a circuit court or the plaintiff to reject any part of an admission by the defendant. To the extent that J.M. argues that the circuit court erred by not considering Rule 8(d) when addressing J.M.'s attempt to plead guilty, his argument is not preserved.

While proceedings involving juveniles are considered to be civil cases, our Juvenile Code expressly provides that the Arkansas Rules of Criminal Procedure apply to delinquency proceedings.[8] Arkansas Rule of Criminal Procedure 24.3 deals with pleading by a defendant, and subsection (d) states in pertinent part:

---

[6] (2020).

[7] (2020).

No plea of guilty . . . shall be accepted by any court unless the prosecuting attorney for the governmental unit in which the offense occurred is given the opportunity to be heard at the time the plea is tendered. In any criminal case in which trial by jury is a right, a court shall not accept a plea of guilty . . . unless the prosecuting attorney has assented to the waiver of trial by jury.

The comment to the rule states that "[i]t is not the purpose of this rule to impose any limitation on a court's discretion to refuse to accept either a plea of guilty or a plea of nolo contendere."[9] Although J.M. acknowledges that the State had a right to be heard before the circuit court accepted his plea, he states there was no requirement that the State had to agree to the plea since this was not a jury trial. He further contends that after the State was given the opportunity to be heard, the circuit court was required to accept his plea. He is mistaken. Arkansas has no statute or rule giving a criminal defendant the right to have his guilty plea accepted.[10] Since there is no right constitutionally, statutorily, or otherwise for a criminal defendant to have his guilty plea accepted by the circuit court, no such right exists for a juvenile delinquent. Additionally, considering the comment to the rule, the circuit had the right to exercise its discretion in deciding whether to accept J.M.'s plea. Therefore, we affirm the circuit court's decision to reject J.M.'s guilty plea and order a hearing on the State's transfer motion.

J.M. also argues that the circuit court erred by granting the State a hearing on its motion to transfer to the criminal division after the State had originally filed the case in

---

[8] Ark. Code Ann. § 9-27-325(f) (Supp. 2019); *see D.F. v. State*, 2015 Ark. App. 656, 476 S.W.3d 189.

[9] Ark. R. Crim. P. 24.3 cmt.

[10] *Numan v. State*, 291 Ark. 22, 722 S.W.2d 276 (1987).

juvenile court. He contends that the State should have been estopped from filing the motion to transfer because it elected to file the original petition in the juvenile division. According to J.M., this situation is covered by the election-of-remedies doctrine. For election of remedies to apply, there must be concurrent, inconsistent remedies.[11] The election of remedies is not favored by the courts.[12]

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of the circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony.[13] On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction.[14]

A common-law doctrine, such as the election of remedies, cannot override the clear and specific enactments of the Arkansas General Assembly in passing § 9–27–318(e).[15] Even if we agreed with J.M. that the election-of-remedies doctrine might otherwise apply, there is a clear and unambiguous statute on the subject. Therefore, the State had every right to file a petition to transfer J.M.'s case from the juvenile division to the criminal division of circuit court. Accordingly, we affirm.

---

[11] *Speight v. Speight*, 30 Ark. App. 1, 781 S.W.2d 39 (1989).

[12] *Id.*

[13] Ark. Code Ann. § 9–27–318(c)(1) (Repl. 2015).

[14] Ark. Code Ann. § 9–27–318(e).

[15] *See Ark. Dep't of Corr. v. Jennings*, 2017 Ark. App. 446, 526 S.W.3d 924.

6

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.