66 486
71 3
71 382

66 486
180 451

## EUCLID AVENUE NATIONAL BANK *v.* JUDKINS.

### Opinion delivered May 27, 1899.

1. CREDITOR'S BILL—PRACTICE.—Prior to the passage of the act of March 31, 1887, it was a prerequisite to a suit in equity by a creditor to annul a fraudulent conveyance that the creditor should reduce his claim to judgment at law, and have execution issued, and a return of *nulla bona.* (Page 488.)

2. SAME—PROOF OF DEBTOR'S INSOLVENCY.—While the act of March 31, 1887, dispenses with the necessity of obtaining a judgment at law, and having execution issue and a return of *nulla bona,* before a creditor's bill will lie to set aside a fraudulent conveyance by a debtor, it is still necessary, under that act, to prove the insolvency of the debtor. (Page 488.)

3. SAME—SUFFICIENCY OF AVERMENTS.—A bill in equity to set aside a conveyance by a joint debtor, alleged to be insolvent, will be demurrable if it fails to allege that the other debtors, jointly bound with him, were likewise insolvent.   (Page 489.)

Appeal from Lawrence Circuit Court.

RICHARD H. POWELL, Judge.

#### STATEMENT BY THE COURT.

The complaint in this case is as follows:   "Plaintiff states that it is a corporation, duly organized under and by virtue of the laws of the state of Ohio; that as such corporation it obtained a judgment against the defendant, J. B. Judkins, the White Sewing Machine Company, and H. R. King, in the Pulaski circuit court on the 16th day of June, 1890, for the sum of $1,719.54, as will appear by reference to a copy of said judgment herewith filed, marked exhibit "A," and made a part hereof, (a transcript of which judgment has been duly filed in Lawrence county, as required by law); that no part of said sum, nor the interest or costs, have been paid.   Plaintiff states further that on or about the 4th day of March, 1891, the defendant, J. B. Judkins, in anticipation of the judgment against him as above referred to, fraudulently, and with the intent to place all of his property beyond the reach of his creditors, ex-

ecuted and delivered to the defendant, W. A. Townsend, a deed to the following described lands:  [Here follows a description of the lands.]  Plaintiff states that after said defendant Judkins had executed the deed to Townsend as aforesaid, he, the said Judkins, had no property whatever left in his hands subject to execution out of which his debts, or any part thereof, could be made by law.  Plaintiff states further that said abovementioned transfer was wholly without consideration, and was for the sole purpose of placing the property of said Judkins out of the reach of his creditors as aforesaid. Plaintiff further states that, even though the said defendant should have paid a valuable consideration for said land, still it was done for the fraudulent purpose of aiding and abetting the said defendant Judkins in defrauding, hindering and delaying his creditors in the collection of their debts, and not as a seeking to collect his debt, and more especially was it done for the purpose of assisting and aiding the said Judkins to defeat this plaintiff in the collection of its debt, as hereinbefore mentioned and set forth, as said defendant, Townsend, well knew that the transfer of the said Judkins to him of said property was for the express purpose of putting all the property of the said Judkins beyond the reach of the creditors of said defendant, Judkins. Wherefore plaintiff prays judgment for the said deed from the defendant, J. B. Judkins, to the defendant, W. A. Townsend, be cancelled, set aside, and held for naught, and that said lands be sold to satisfy the claim of the plaintiff, as herein set forth, and, should there be other creditors of the said Judkins desirous of joining in this suit, that they be permitted to join herein, and said property be sold to satisfy all said claims, or pro rata, as the court may think just and proper, and for all other proper relief."

To this complaint a general demurrer was inteposed, and sustained by the court, and, plaintiff standing upon its complaint, judgment was entered dismissing same, and for costs, etc.

*J. H. Harrod*, for appellant.

The bill contained all the essential averments of one to set aside a fraudulent conveyance.  Bump, Fr. Conv. 551.  A

fraudulent conveyance is void, as against prior or subsequent creditors.   59 Ark. 614; Sand. & H. Dig. § 3742; 11 Ark. 411.

*W. A. Townsend, pro se.*

Appellant's exception to the opinion of the court is not sufficient.   The exception must be to a ruling, and must be saved at the time of the ruling.   Sand. & H. Dig. §§ 5844, 5845, 5847.   Black's Law Dict. Title "Decision."   The complaint should have shown the necessity for equitable intervention.   Wait, Fraud. Conv. §§ 75, 140; 11 Ark. 420, 421; 63 Ark. 407, 417; 56 Ark. 481, 482.   It is not shown that appellant had not a full remedy at law against the appellee's codefendants.   Hence, even if there had been fraud in the sale, it is not shown to have affected the efficacy of appellant's remedy of a levy and sale of such property.   12 Ark. 303; 43 Ark. 462; 26 Ark. 43; 39 Ark. 74; Wait, Fraud. Conv. §§ 60, 73, 75, 140, 143; Bump, Fraud. Conv. § 559.   The intent to defraud must be present, and shared by both parties, where the conveyance is for a consideration.   31 Ark. 556; 41 Ark. 325; 49 Ark. 22; 56 Ark. 417; 60 Ark. 433; 64 Ark. 187; 46 Ark. 551; 55 Ark. 116.

Wood, J., (after stating the facts.)   1.   Prior to the passage of the act of March 31, 1887 (Sand. & H. Dig. § 3134), the rule obtained requiring the plaintiff, in a proceeding in equity to set aside a fraudulent conveyance as to creditors, to reduce his claim to judgment at law, and have execution issued, and a return of *nulla bona*, as prerequisites to the relief sought.   This was necessary in order to show that the plaintiff did not have a complete remedy at law.   It was the method prescribed for showing the insolvency of the debtor, and that the creditor could not collect his debt at law.   *Meux* v. *Anthony*, 11 Ark. 418; *Phelps* v. *Jackson*, 27 Ark. 589; *Wright* v. *Campbell, id.* 637; *Sale* v. *McLean*, 29 Ark. 621; *Clark* v. *Anthony*, 31 Ark. 548; *Hunt* v. *Weiner*, 39 Ark. 74.

The act of March 31, 1887, *supra,* provides "that in suits to set aside fraudulent conveyances, and to obtain equitable garnishments, it shall not be necessary for the plaintiff to obtain judgment at law in order to prove insolvency, but in such cases insolvency may be proved by any competent testimony, so

that only one suit shall be necessary in order to obtain the proper relief." The design of this act was, not to do away with the necessity of showing insolvency to entitle one to the equitable relief, but only to broaden the methods of proving it. The statute makes unnecessary the expense and delay incident to obtaining judgment and the issuing and returning of process thereon when insolvency—the ultimate fact to be established—may be proved by other and more direct methods. *Riggin* v. *Hilliard*, 56 Ark. 481. The old and familiar rule that, before one can seek relief from a court of equity, he must show that he does not have a complete and adequate remedy at law still prevails in this state.

Section 3034 of Sand. & H. Dig. provides that "on a judgment or decree against several, the execution must be joint." Now the complaint in this case shows that plaintiff's judgment was against the White Sewing Machine Company and H. R. King, as well as against the defendant Judkins, and there is no allegation that the White Sewing Machine Company and King were sureties merely. They appear as joint principals. The complaint shows that Judkins had "no property whatever left in his hands subject to execution, out of which plaintiff's debt could be made by law," but it does not show that the other joint judgment debtors, the White Sewing Machine Company and H. R. King, did not have property subject to execution ample to satisfy plaintiff's debt at law. The complaint did not allege the insolvency of these joint judgment debtors with Judkins. Herein it fails to show any occasion for the interposition of a court of equity. The complaint shows that the bank had already obtained judgment against Judkins, the White Sewing Machine Company and H. R. King. Under the statute of 1887, *supra*, the obtaining of judgment at law was not necessary, but it was necessary to show the insolvency of all the joint judgment debtors; for, in the absence of such an allegation, or a showing of some other facts calling for equitable relief, it does not appear that a resort to equity is proper. *Davis* v. *Fire Ins. Co.*, 63 Ark. 412. See *Howard* v. *Sheldon*, 11 Paige, Ch. 558; *Child* v. *Brace*, 4 *ib.* 309.

The demurrer was properly sustained.

Affirmed.