TIDWELL *v.* J. H. ASKEW & COMPANY.

Opinion delivered June 23, 1924.

1. FRAUDULENT CONVEYANCES—EFFECT OF RETURN OF NULLA BONA.— A return of *nulla bona* on execution makes out a *prima facie* case of insolvency of a debtor in an action to set aside conveyances made by him as fraudulent.

2. FRAUDULENT CONVEYANCES—VOLUNTARY CONVEYANCES.—Voluntary conveyances are presumptively fraudulent as against the grantor's existing creditors.

Appeal from Nevada Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*J. O. A. Bush,* for appellants.

*Tompkins, McRae & Tompkins,* for appellees.

Appellant is mistaken in contending that it was necessary to go beyond proof of the issuance of the execution and the *nulla bona* return by the sheriff, and introduce other proof that the defendant did not have sufficient property out of which the execution could be made. The *nulla bona* return was conclusive evidence that the judgment creditors had exhausted their legal remedies, and they were under no obligation to proceed further with testimony of defendant's insolvency. 39 Ark. 70, 75; 146 Ill. 275; 23 L. R. A. (N. S.) 68 *et seq.*; 66 Ark. 486; 63 Ark. 417.

McCULLOCH, C. J. Appellees instituted this action against appellants in the chancery court of Nevada County to cancel three conveyances of land, executed by appellant John Tidwell to his three children, the other appellants. Appellees were judgment creditors of John Tidwell at the time of the institution of the action, and they allege that the conveyances were executed for the fraudulent purpose of hindering and delaying appellees as creditors. The chancery court decreed the appellees the relief prayed for, and an appeal has been prosecuted to this court.

John Tidwell owned a tract of land containing 640 acres, and he occupied 160 acres of it as his homestead, and conveyed the other three quarter-sections to his children. Tidwell was indebted to appellees on two notes executed by him to appellees, one for $750, dated January 20, 1920, and due October 1, 1920, and the other for $581.53, dated March 19, 1921, and due October 1, 1921. The deeds in controversy were executed by Tidwell to his children on June 16, 1922, and thereafter appellees reduced their claim against Tidwell to judgment and sued out an execution, on which there was a return of *nulla bona,* and then commenced this action to cancel the deeds as fraudulent.

Prior to the execution of the deeds to his children, John Tidwell had given an oil lease on the land, and in

the deeds to his children he reserved all mineral rights. Subsequently he assigned his royalty to accrue under the lease. He was to receive an annual rental of $313.50 under the oil lease, and appellees, at the commencement of this action, caused a garnishment to be served on the lessee to impound the rental price for the current year. The garnishee appeared and paid the rent into court, and, on final decree, the court sustained the garnishment and directed the clerk to pay the money over to appellees on their judgment. The court also canceled the conveyances, and ordered the land to be sold to pay the balance of the judgment debt due appellees.

About the only contention here in attacking the correctness of the court's decree is that the proof failed to show that appellant John Tidwell was insolvent at the time he executed the deeds to his children. The answer to that contention is that the *nulla bona* return of the sheriff was sufficient to make out a *prima facie* case of insolvency. *Hunt* v. *Weiner,* 39 Ark. 70; *Euclid Ave. Natl. Bank* v. *Judkins,* 66 Ark. 486. The conveyances by Tidwell to his children recited a consideration of one dollar, and there is no proof that any other consideration was paid. The conveyances were evidently voluntary, and the well-established rule is that a voluntary transfer of property is presumptively fraudulent as against existing creditors. *Driggs & Co.'s Bank* v. *Norwood,* 50 Ark. 42; *Fluke* v. *Sharum,* 118 Ark. 229. The facts developed by appellees in the proof show that appellant Tidwell rendered himself insolvent by stripping himself of substantially all his property except that which was exempt. It left him with no real estate except his homestead, and there is no proof of any personal property in excess of his constitutional exemptions. The oil lease was of uncertain value, and it does not appear to have a value in excess of the exemptions. Appellant made no attempt to overcome the presumption of insolvency by introducing any proof.

We are of the opinion that the decree was correct, and the same is in all things affirmed.