FENTON *v.* HALLIDAY.

Opinion delivered January 10, 1927.

1. FRAUDULENT CONVEYANCES—VOLUNTARY CONVEYANCES.—Convey-
   ances made to members of the household and to near relatives of
   an embarrassed debtor are looked upon with suspicion and
   scrutinized with care; when voluntary, they are *prima facie* fraud-
   ulent; and when the embarrassment proceeds to financial wreck,
   they are presumed to be fraudulent as to existing creditors.

2. FRAUDULENT CONVEYANCES—EVIDENCE.—Evidence *held* not to show
   that a debtor was insolvent at the time he made a conveyance to
   his wife, or that his financial embarrassment was such as led to
   insolvency, so as to justify setting a conveyance by him aside at
   the suit of creditors.

3. FRAUDULENT CONVEYANCES—INSOLVENCY—EVIDENCE.—In a suit to
   set aside a conveyance of a debtor to his wife in January, 1923,
   when the conveyance was made, was not shown by a *nulla bona*
   return of the sheriff in October, 1924.

4. EQUITY—REMEDY AT LAW.—The general rule is that equity will
   not interfere in aid of the collection of a debt while the remedy
   at law exists.

Appeal from Sevier Chancery Court; *C. E. Johnson*,
Chancellor; reversed.

STATEMENT BY THE COURT.

On the 23rd day of August, 1924, appellees brought
suit in equity against appellants to set aside a conveyance
of three town lots executed by appellant, W. O. Fenton,
to his wife, E. A. Fenton, the other appellant.

The record shows that, on the 27th day of May, 1922,
appellees instituted an action in the circuit court against
appellant, W. O. Fenton, to recover the sum of $559.37.
Fenton filed an answer, denying liability, and asking for
judgment, on his cross-complaint, against appellees, who
were the plaintiffs in that suit. On August 19, 1924,
appellees recovered judgment in the case against W. O.
Fenton in the sum of $437.90, with six per cent. interest
per annum from July 1, 1921.

At the time that the suit was filed W. O. Fenton was
the owner of lots 2, 3 and 4, block 1, in DeQueen, Sevier
County, Arkansas. On November 22, 1922, W. O. Fenton
and E. A. Fenton, his wife, gave a mortgage on these lots

to H. C. Pride to secure an indebtedness of $1,663.90, evidenced by note of even date. On the 10th day of January, 1923, W. O. Fenton conveyed said lots to E. A. Fenton, his wife. The consideration recited in the deed was $750. The deed also expressly recites that it is executed subject to a mortgage on the lots to H. C. Pride. On the 20th day of May, 1924, the said W. O. Fenton and E. A. Fenton conveyed said lots to D. C. Goff. A part of the purchase price owed by Goff for the lots, sufficient to satisfy the claim of appellees, has been impounded in this suit.

Appellees also caused an execution to be issued by the circuit court on the 30th day of August, 1924, in the case of S. R. Halliday and J. R. Knox, who are the appellees herein, against W. O. Fenton, who is one of the appellants. The sheriff made a return of *nulla bona* on this execution on October 26, 1924. The proof shows that the three lots in question have, at all times, been worth $8,000, and that they were rented for $80 per month.

The chancellor found that the conveyance made by W. O. Fenton to E. A. Fenton, his wife, was in fraud of the rights of appellees as his existing creditors, and it was decreed that appellees recover of E. A. Fenton the sum of $437.90, with interest at the rate of six per cent. per annum from July 1, 1921, and that she be restrained from disposing of the notes given by D. C. Goff for the purchase price of said lots until the decree against her was satisfied in full. The case is here on appeal.

*Abe Collins,* for appellant.

*Lake, Lake & Carlton,* for appellee.

HART, J., (after stating the facts). The principle of law applicable to cases of this sort is stated in *Wilks* v. *Vaughan,* 73 Ark. 174, 83 S. W. 913, as follows: "Conveyances made to members of the household and to near relatives of an embarrassed debtor are looked upon with suspicion and scrutinized with care; when voluntary, they are *prima facie* fraudulent; and, when the embarrassment of the debtor proceeds to financial wreck, they are

presumed conclusively fraudulent as to existing creditors.''

The rule as thus stated has been repeatedly quoted and applied by this court according to the particular facts in each case. All of these decisions are cited and many of them reviewed in the opinions and dissenting opinions in *Home Life & Accident Co.* v. *Schichtl, ante,* p. 31; and *Gavin* v. *Scott, ante,* p. 234.

Counsel for appellees concede that the principles of law above quoted are settled by the uniform current of our own decisions, but they contend that the facts of this case are, in all essential respects, similar to those in *Brady* v. *Irby,* 101 Ark. 573, 142 S. W. 1124, Ann. Cas. 1913E, 1054, and that this case should be ruled by it. We do not agree with counsel in this contention. In that case, the court found the facts to be that, when the voluntary conveyance was made by the husband to his wife, he owed a large amount of existing indebtedness and did not own property sufficient to pay it. Such was the finding of the chancellor, and this court held that his finding was sustained by a preponderance of the evidence. The court further said that the facts presented a case where a husband, engaged in business and involved in debt resulting in insolvency, made a voluntary transfer of property to his wife. From the testimony, the result of such transfer was to reduce the assets of the husband to such an extent as to delay and hinder his creditors in the collection of their debt, and, under the rule above stated, the conveyance was held to be fraudulent.

There is nothing in the facts as shown in the case at bar to establish that W. O. Fenton, while heavily in debt and in embarrassed financial condition, made a voluntary conveyance to his wife. It is not a case where the assets of the husband did not greatly exceed the amount of his indebtedness. It was not shown that Fenton was engaged in any speculative venture at the time that the conveyance to his wife was made, and it is not shown that the result of the transfer was to reduce his assets

to such an extent as to delay and hinder appellees in the collection of their debt.

The transfer from Fenton to his wife was made on the 10th day of January, 1923. It is true that he was indebted to appellees at that time, but the amount claimed by appellees in their suit against him was only $559.37, and they only recovered judgment against him in the sum of $437.90, with six per cent. interest per annum from July 1, 1921. The undisputed evidence shows that the property in question was worth $8,000, and rented for $80 per month. The only other indebtedness shown by the record to have been owed by Fenton at that time was his debt to H. C. Pride, which amounted to $1,663.90, and which was secured by a mortgage on the lots in question. For aught that appears to the contrary, at the time the conveyance from Fenton to his wife was made he might have had other property amply sufficient to pay any judgment which appellees might have secured against him in their pending suit. As above stated, the amount claimed by the plaintiffs in that suit was only a little over $500, and it is not shown that Fenton owed any other debt. When these facts are considered, together with the fact that the property greatly exceeded in value the amount of his debt, we do not think that it has been established that Fenton was insolvent at the time he made the conveyance to his wife, or that his financial embarrassment was such that it led to his insolvency.

Again, it is insisted by counsel for appellees that the insolvency of Fenton was shown by the *nulla bona* return of the sheriff. In making this contention reliance is had upon the case of *Tidwell* v. *J. H. Askew & Co.,* 165 Ark. 57, 262 S. W. 988. We do not think that case supports the contention of appellees. The general rule is that equity will not interfere in aid of the collection of a debt while a remedy at law exists.

In the Tidwell case the return of *nulla bona* was held to make out a *prima facie* case of insolvency sufficient to give a court of equity jurisdiction to set aside the fraudulent conveyance. The *nulla bona* return showed that the

debtor, at that time, had no property, real or personal, upon which a levy might be made.   Hence a recourse to equity might be had to cancel any fraudulent incumbrance or transfer of his property which might obstruct the legal remedy by preventing a sale of such property for its full price under execution.   In that case, the court said that the facts developed by appellees in the proof showed that appellant, Tidwell, rendered himself insolvent by stripping himself of substantially all of his property except that which was exempt.

No such state of facts is shown by the record in the present case.   In order to bring this case within the facts of the Tidwell case, appellees should have shown that Fenton had no other property subject to execution at the time he made the conveyance to his wife.   The conveyance to his wife was made on the 10th day of January, 1923.   The return of *nulla bona* was made on the 26th day of October, 1924.   Thus it will be seen that the return of *nulla bona* was made a year and nine months after the conveyance.   Proof that Fenton had no property subject to execution on the 26th day of October, 1924, falls short of showing that he did not have property subject to execution on the 10th day of January, 1923.

The result of our views is that appellees failed to prove facts sufficient to bring the case within the well-established rule of this court above announced.   It follows that the decree must be reversed, with directions to dismiss their cause of action.