Taylor *v.* Bank of Mulberry.

Opinion delivered October 1, 1928.

*Starbird & Starbird,* for appellant.

*E. D. Chastain,* for appellee.

Mehaffy, J.    The appellee brought suit in the Crawford Chancery Court against J. C. Campbell, R. E. Rogers, E. D. Chastain and Mrs. Kentucky Taylor. It alleged that it had obtained a judgment for $190.14 against J. C. Campbell and J. L. Campbell, wherein Rogers was garnishee, and that Rogers answered, admitting an indebtedness of $200 on a note and mortgage. The note, however, was in an Oklahoma bank.

It was alleged that, at the time of the judgment in the justice court, Campbell was the owner of the note, and that he had afterwards transferred it to Chastain for the purpose of defeating plaintiff's lien thereon. It was further alleged that, at the time plaintiff obtained

judgment against J. C. Campbell, said Campbell was the owner of the east half of the northeast quarter and east half of the southwest quarter of the northeast quarter, section 32, township 11, range 29, Crawford County, Arkansas; and for the purpose of placing it beyond the reach of execution and to cheat and defraud the plaintiff, the said Campbell, without consideration, conveyed said land to Kentucky Taylor; that Mrs. Taylor is the sister of Campbell, and did not know of the conveyance at the time it was made; that the conveyance was void, and made to defraud creditors; that Campbell was insolvent. It alleged that it had no adequate remedy at law, and prayed for a cancellation of the deed, and that the note be required to be brought into court, and for a foreclosure upon the debt to Rogers.

A demurrer to the complaint was filed by Chastain, alleging that the complaint did not state a cause of action as to him. The demurrer was overruled, and both Chastain and Mrs. Taylor filed answers. Chastain claimed to have purchased the note, and filed a cross-complaint seeking to foreclose the mortgage which was given on certain land to secure the payment of the note. There was no statement or suggestion in the pleadings of either of the defendants that the chancery court did not have jurisdiction, but the only demurrer filed with reference to the statements in the complaint were by Chastain, in which he stated that the complaint did not state facts sufficient to constitute a cause of action against him. That the statement in the complaint about the note failed to show that plaintiff had any lien, but admits that the Oklahoma bank held the note. His third ground for demurrer was that the order of the justice of the peace court was without authority. It was never suggested to the trial court that there was any defect in the pleading other than that mentioned by Chastain, and no suggestion to the trial court that that court had no jurisdiction.

Kentucky Taylor filed answer, denying the allegations of the complaint, and alleging that she was Camp-

bell's aunt and not his sister, and that the purchase of the property by her was made in good faith.

Chastain filed separate answer, seeking to collect on the note above mentioned.

The court rendered a decree declaring the sale of the land from Campbell to Mrs. Taylor fraudulent and void, and also decreed that Chastain was entitled to recover his costs from the Bank of Mulberry.

Mrs. Taylor testifies, with reference to the purchase of the land from her nephew, that he owed her for four or five years' board; had been living with her for seventeen years, and he owed at least four years' board. That the understanding was that he would pay for one-fourth of the groceries for his board. She claims to have loaned to Campbell $50 and to have paid him $50, and admitted that she still owed him $190.

The chancellor found that the conveyance of the property was without consideration, and fraudulent and void, and we think that his finding was sustained by the evidence.

The record of the justice of the peace court was introduced, showing a judgment as alleged in the complaint, and the justice of the peace record also showed that execution was issued on the 28th day of September, 1927, and returned the same day, the officer stating in his return that the parties, evidently meaning the parties defendant in the justice of the peace suit, were absent from the State, and no property found. This judgment was against J. L. Campbell and J. C. Campbell.

It is contended by the appellant that there was no allegation in the complaint of insolvency of the joint debtor, J. L. Campbell, and that, for that reason, the demurrer should have been sustained, and, in support of his contention, calls attention to *Euclid Avenue National Bank* v. *Judkins,* 66 Ark. 486, 51 S. W. 632. In that case the court said:

"Now the complaint in this case shows that plaintiff's judgment was against the White Sewing Machine Company and H. R. King, as well as against the defend-

ant Judkins, and there is no allegation that the White Sewing Machine Company and King were sureties merely. They appear as joint principals. The complaint shows that Judkins had no property whatever left in his hands subject to execution, out of which plaintiff's debt could be made by law, but it does not show that the other joint judgment debtors, the White Sewing Machine Company and H. R. King, did not have property subject to execution ample to satisfy plaintiff's debt at law. The complaint did not allege the insolvency of these joint judgment debtors with Judkins. Herein it fails to show any occasion for the interposition of a court of equity. A demurrer was interposed and sustained by the court, and judgment was entered dismissing the complaint, and Judkins appealed.''

The court further said in that case: ''The obtaining of judgment at law was not necessary, but it was necessary to show the insolvency of all the joint judgment debtors; for, in the absence of such an allegation, or a showing of some other facts calling for equitable relief, it does not appear that a resort to equity is proper.''

In the case relied on, the defendant himself demurred to the complaint, and the demurrer was sustained. In the case at bar Mrs. Taylor did not demur; she did not make any objection to the jurisdiction of the court at all, and Chastain, the other defendant, filed a demurrer, but did not contend that the court did not have jurisdiction, but simply relied on the fact that the complaint did not state a cause of action as against him. He was the attorney for Mrs. Taylor as well as for himself, and did not make any objection on the ground that there was no allegation that the other judgment creditor was insolvent.

We think the allegations of the complaint and the statements in the writ are sufficient to make a *prima facie* case and to give the chancery court jurisdiction. The complaint alleged that plaintiff had no adequate remedy at law. The return of the officer shows that all the parties were absent from the State, and there is no

showing anywhere or no claim that the other Campbell had ever had any property. To be sure, the burden is on the plaintiff to allege facts sufficient to show jurisdiction of the chancery court, but we think the facts alleged, together with the execution and return of the officer, which was recited in the complaint, are sufficient to show that it would be perfectly useless to try to collect the money out of the judgment creditors, and was sufficient to show that all of them were insolvent and had left the State, and that J. C. Campbell, who owned a tract of land, had conveyed it to his aunt, Mrs. Taylor, for the purpose of defrauding and hindering plaintiff in the collection of its debt.

The testimony shows that Campbell came down, got his attorney who represented him in the justice of the peace court, who knew all about the judgment against them, knew about the garnishment and about the note, and prepared a deed for Campbell to Mrs. Taylor, and, when the deed was prepared and executed, telephoned to the clerk in order to ascertain whether a transcript of the justice of the peace judgment had been filed in the circuit clerk's office; and, when he learned that it had not, the deed from Campbell to Mrs. Taylor was immediately filed and recorded.

We think the proof was ample to justify the chancellor in finding that the transfer of the property was made for the purpose of defrauding the plaintiff.

The appellant next calls attention to the case of *Davis* v. *Arkansas Fire Ins. Co.*, 63 Ark. 412, 39 S. W. 258. In that case the court held: "It is still necessary to show that the remedy at law is inadequate by showing that the debtor has no other sufficient means from which the claims of the creditor may be satisfied, or showing other facts sufficient to call for the interference of the court of equity."

In the case last referred to, there was no evidence that the remedy at law was inadequate, and no testimony of insolvency, and no showing of other facts sufficient to call for the interference of a court of equity. It is clearly

indicated in the opinion that, if there were other facts shown sufficient to call for the interference of a court of equity, the court would have jurisdiction. And in the case at bar the proof is abundant, not only of the fraudulent transfer, but that all of the parties were nonresidents of the State, and that, under the facts, the plaintiff could have had no adequate remedy at law. But the appellant tried his case without objection in the chancery court; certainly tried the case as to Mrs. Taylor without objection.

This court has many times held that, where there is no request to have a cause transferred, or where there is no objection to the jurisdiction of the court, the party will be held to have waived the right to ask for a trial at law. In other words, although a case might be brought in chancery court that should have been brought in the law court, and where a court of equity, for that reason, had no jurisdiction, still, if the defendant tries the case without objection to the jurisdiction, he cannot object in the appellate court, because he has waived the right to object. See *Hayes* v. *Bishop,* 141 Ark. 155, 216 S. W. 298; *Goodrum* v. *Merchants' & Planters' Bank,* 102 Ark. 326, 174 S. W. 198, Ann. Cas. 1914A, 511.

An adequate remedy at law means a present remedy, and not one that might be exercised at some time in the future. This would not be an adequate remedy. It can hardly be contended that the appellee in this case had an adequate remedy at law, when the officer to whom the execution was given to serve reported that all of them were absent from the State, and no property could be found. See *Little Red River Levee Dist.* v. *Thomas,* 154 Ark. 328, 242 S. W. 552.

Again this court has said: "While the complaint is defective in that it fails to allege specifically that the judgment debtor, Sudie A. Horner, was insolvent, and that therefore the judgment could not have been collected against her, nevertheless such effect must necessarily be implied from the allegation 'that, by the wrongful acts of defendant herein complained of, plaintiff has

been deprived of his right and remedy to collect and receive the benefits of his half of said judgment.' The defect in this particular could and should have been reached by a motion to make more definite and certain, rather than by demurrer. When the complaint is tested solely by its allegations, as it must be, it states a cause of action against the appellee for inducing the clients of appellant to breach their contract with him by selling the judgment to the appellee, in which the appellant had a half interest. The complaint alleges that this was done with the intent of depriving the appellant of the fruits of the litigation and the benefits of his fees earned therein.'' *Hogue* v. *Sparks,* 146 Ark. 174, 225 S. W. 291.

The decree of the chancellor is correct, and is therefore affirmed, and the decree in favor of Chastain is also affirmed.