HORNE BROTHERS, INC., A. A. HORNE AND Don
HORNE *v.* RAY LEWIS CORPORATION

87-65 731 S.W.2d 190

Supreme Court of Arkansas
Opinion delivered June 22, 1987
[Rehearing denied July 20, 1987.]

*John B. Hainen; John H. Jackson;* and *Dailey, West, Core,*

*Coffman & Canfield*, by: *Ben Core*, for appellants.

*Steel & Steel*, by: *George Steel, Jr.*, for appellee.

DARRELL HICKMAN, Justice. This case has been referred to us by the Court of Appeals.

This was an action in chancery court by a creditor of a corporation to require its two sole stockholders and directors to repay the corporation money acquired in violation of the fiduciary duty to creditors. The chancellor held that the money should be repaid. On appeal two of appellants' three arguments were not properly raised below and will not be considered. The third argument is that the chancellor erred in not upholding a valid assignment to the stockholders of a debt due the corporation. We find the issue to be one of fact and the chancellor's decision not clearly wrong.

Appellants A. A. Horne and Don Horne, brothers, formed a corporation, Horne Brothers, Inc., to open and operate an Otasco store in DeQueen, Arkansas. The appellee, Ray Lewis Corporation, constructed a building to be occupied by the Otasco store. A ten year lease of the building was signed in the fall of 1977. For the first five years of the lease, the Horne brothers were individually liable together with their corporation for the rent. The brothers were its sole stockholders and directors. For the second five year period, only the corporation was liable for rent.

About two years later, Horne Brothers, Inc., sold the store to Galen P. Sullins, R. Kendal Harvey, and Ralph C. Harvey, and their corporation, Harvey and Sullins, Inc. The building was subleased by Horne Brothers, Inc., to Harvey and Sullins, Inc., and additional rent over and above that due the appellee was charged to Harvey and Sullins, Inc. The extra charge amounted to a little over $1,000 per year. No permission was sought for the sublease, but appellee was aware of the sale and did not object to it.

In September 1982, Harvey and Sullins, Inc., closed the store, and Horne Brothers, Inc., notified appellee of the closing and abandonment of the building. A dispute arose between Harvey and Sullins, Inc., and Horne Brothers, Inc., regarding the former's liability under the sublease—whether the five year term commenced when Harvey and Sullins, Inc., signed the sublease in

1979, or whether Harvey and Sullins, Inc., merely assumed the first five years of the lease signed by Horne Brothers, Inc., and the appellee. There was also a dispute between these parties whether any liability remained under the original ten year lease. After Harvey and Sullins, Inc., abandoned the building, the appellee would send potential renters of the building to Horne Brothers, Inc., who would, in turn, refer them back to the appellee. One of the Horne brothers, A. A. Horne, was a director of the Clark County Bank, and several loans were made by the bank to the brothers in connection with their Otasco store. The total sum loaned by the bank for the operation was at least $150,000. In October 1982 there were no corporate assets left. The corporation determined that it still owed the bank $23,705.51 on a note signed by one of the Horne brothers. (According to A. A. Horne's testimony, this debt was due on a $150,000 note dated May 2, 1978. It appears Don Horne signed this note.) The corporation assigned to the two Horne brothers any claim it had against Harvey and Sullins, Inc., in consideration of them paying the corporation's debt to the bank. The Horne brothers were already individually liable on the notes to the bank. (The note in question was not signed by the corporation officers but by one of the brothers "d/b/a Otasco of DeQueen.")

Horne Brothers, Inc., sued Harvey and Sullins, Inc., under the sublease and invited appellee to join. The appellee declined on advice of counsel. Eventually, a judgment against Harvey and Sullins, Inc., was obtained for $32,340 which was substantially affirmed by the Court of Appeals.

In the meantime, the appellee sued Horne Brothers, Inc., for rent due under the lease. A default judgment for $30,655.55 was obtained on January 17, 1985. At that time half of the money due Horne Brothers, Inc., by Harvey and Sullins, Inc., had been collected. The total amount collected from Harvey and Sullins, Inc., was $30,940. Of that amount $4,859.30 was paid by the corporation for attorneys' fees in collecting the judgment, and the balance of the money collected was placed in the individual account of A. A. Horne even though one-half of this amount belonged to Don Horne. This suit was filed to require that money be paid the corporation so appellee could collect on its default judgment.

A. A. Horne, Don Horne and Lawrence Lewis testified. Summarizing, the chancellor found: (1) the only two stockholders in Horne Brothers, Inc., were A. A. Horne and Don Horne; (2) Horne Brothers, Inc., is now insolvent and has been inactive for a number of years; (3) the transfer of the money received from Harvey and Sullins, Inc., was an unauthorized and unfair transfer of the corporate assets solely for the purpose of defeating the judgment lienholder, Ray Lewis Corporation, and a receiver should be appointed to take control of the corporation assets and to dissolve the corporation according to the law; and (4) A. A. Horne and Don Horne are ordered to return the money received from Harvey and Sullins, Inc., less attorneys' fees, to the receiver for division among the creditors.

On appeal Horne Brothers, Inc., first argues that the appellee did not comply with Act 189 of 1893. The suit was filed pursuant to Ark. Stat. Ann. § 64-1103 (Repl. 1980), which is § 2 of Act 189. No argument was made to the chancery court that the appellee's suit failed to comply with the act. Therefore, we will not consider it on appeal. *First Commercial Bank* v. *Meyer*, 289 Ark. 345, 711 S.W.2d 791 (1986).

The second argument is that the trial court failed to recognize a valid assignment to the brothers. The assignment is not in the record. A. A. Horne read into the record what it apparently said and testified about its date and circumstances. The trial court made a specific finding that the assignment was made to defeat their creditor's claim. There is no doubt that the brothers knew of the appellee's claim, and the corporation did not contest it, allowing judgment by default. The court noted that the corporation had only two stockholders. Detailed testimony was given regarding the notes signed by the brothers to the Clark County Bank and the financing of the store.

Also considerable testimony was given about the relationship of A. A. Horne to the Clark County Bank, which financed most, if not all, of the Otasco endeavor. The appellee, of course, had no notice of the assignment in 1982. The parties disputed their rights and duties under the original lease. Undoubtedly, the court considered whom to believe. Whether the assignment was made to defeat the appellee's claim was one of fact, and we will not set aside such a finding unless clearly wrong.

ARCP 52; *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). We view all evidence on appeal in a light most favorable to the appellee. *Sipes* v. *Munro*, 287 Ark. 244, 697 S.W.2d 905 (1985). The Horne brothers did give themselves preference. The appellants argue the assignment was valid on its face and the appellee declined to join them in suing Harvey and Sullins, Inc., and should not reap the fruits of their labor. But the appellee did not have a lease with Harvey and Sullins, Inc., and could rightly stand on its claim against Horne Brothers, Inc., which it did, without having to join in the lawsuit. The appellants have been unable to demonstrate the chancellor was clearly wrong in his findings.

 The general rule is that the capital stock and assets of a corporation constitute a trust fund for the benefit of creditors, which neither the officers nor the stockholders can divert or waste. *Wilson* v. *Lucas*, 185 Ark. 183, 47 S.W.2d 8 (1932). Contracts between corporations and their directors dealing with corporate assets are not void but voidable, and the fact that a corporation deals with its shareholders or directors is a circumstance to be considered along with other facts and circumstances in a case as tending to show fraud when the transaction is challenged by a creditor. *Oliver* v. *Henry Quellmalz Lbr. & Mfg. Co.*, 170 Ark. 1029, 282 S.W. 355 (1926). While such contracts are voidable, they are more closely scrutinized than ordinary contracts, and the burden is upon those claiming under them to prove that they are made in good faith and fair to the corporation. *Walker-Lucas-Hudson Oil Co.* v. *Hudson*, 168 Ark. 1098, 272 S.W. 836 (1925).

We cannot say the chancellor was clearly wrong in finding the assignment in consideration of payment to a bank, of which one of the Horne brothers was a director, was unfair and made to avoid the appellee's claim against the corporation.

 The final argument is: "Chancery Court has no jurisdiction to supervise the entire liquidation of a corporation. Section 88, Act 576 of 1965 (Ark. Stat. § 64-906), is unconstitutional to the extent that it provides otherwise." First, the argument was not made below. Second, no motion to transfer to circuit court was made. *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W.2d 1 (1975); *Harris* v. *Umsted*, 79 Ark. 499, 96 S.W.146 (1906). Certainly, the chancery court was not wholly without jurisdiction. Chancery courts have jurisdiction to hear com-

plaints by creditors against corporations and stockholders to set aside transfers made to defeat creditors' claims. See *Taylor* v. *Bank of Mulberry*, 177 Ark. 1091, 9 S.W.2d 578 (1928). In *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), we said that "unless the chancery court has no tenable nexus whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction. We will not raise the issue ourselves, and we will not permit a party to raise it here unless it was raised in the trial court." See also *Towell* v. *Shepherd*, 286 Ark. 143, 689 S.W.2d 564 (1985).

There was no motion to transfer in *Liles*, nor was there a question raised regarding the propriety of chancery court to hear the case. That is essentially the posture of this case. Therefore, we need not address the question of whether Ark. Stat. Ann. § 64-906 (Repl. 1980) is constitutional in giving chancery court jurisdiction over liquidation of a corporation.

Affirmed.

GLAZE, J., dissents.