In re Herbert E. RUSSELL, Debtor.

William J. WYNNE d/b/a Crumpler, O'Connor & Wynne, Plaintiff,

v.

Thomas S. STREETMAN, Successor Trustee of the Estate of Herbert E. Russell, Defendant.

Bankruptcy No. 84–11058M.
Adv. No. 89–1511.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 24, 1990.

James A. Hamilton, Crosett, Ark., for the defendant.

Henry C. Kinslow, El Dorado, Ark.

Thomas S. Streetman, El Dorado, Ark., successor trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On July 18, 1984, Herbert E. Russell filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. William R. Gibson, Esq., (Gibson) was appointed trustee on March 19, 1985, and Thomas S. Streetman, Esq., (Streetman) was appointed co-trustee on August 4, 1989. Gibson resigned as trustee as of February 20, 1990, and Streetman was authorized to act as the sole trustee.

On November 28, 1989, William J. Wynne d/b/a Crumpler, O'Connor & Wynne (Wynne) filed this adversary proceeding against the estate seeking a determination that certain funds in the possession of the trustee were not property of the estate. The trustee filed an answer admitting that some of the funds were not property of the estate, and asking the Court to determine what portion of the funds, if any, were property of the estate. Wynne and the trustee filed motions for summary judg-

ment based on a written stipulation of fact. There is no dispute as to any material fact and summary judgment is appropriate pursuant to Bankruptcy Rule 7056.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), and the Court has jurisdiction to enter a final judgment. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTS

The undisputed evidence established that Wynne, an attorney, provided legal services to Sunbelt Airlines, Inc., (Sunbelt) and that the reasonable value of the legal services was the sum of $28,656.52. The legal services were performed on or before April 30, 1985, and none of the legal fees have been paid.

At all relevant times, the debtor's estate owned 82% of the outstanding stock in Sunbelt. On May 20, 1985, Gibson, in his capacity as trustee of the estate, secured two checks payable to Sunbelt from Exxon Company, U.S.A., and American Airlines, Inc., totaling $9,507.21. Gibson opened an account with McIlroy Bank & Trust, Fayetteville, Arkansas, in the name of the estate and deposited the two checks in that account. The parties stipulated that these funds were "paid to the Estate in its capacity as majority shareholder of Sunbelt." On April 11, 1986, Wynne obtained a judgment against Sunbelt for $28,656.52 in the Circuit Court of Ouachita County, Arkansas.

The trustee argues that he is entitled to summary judgment because Wynne failed to file his claim before the expiration of a court-ordered bar date and, in the alternative, the trustee asserts an 82% equitable interest in the funds because the estate owns 82% of the stock of Sunbelt.[1] Wynne argues that he is entitled to summary judg-

ment because as a judgment creditor of Sunbelt, he has a claim to the assets of Sunbelt superior to the interest of the shareholders.

### DISCUSSION

█ The trustee's argument that Wynne's claim should not be considered because it was filed late is without merit. The stipulated facts establish that Wynne is a creditor of Sunbelt, not this estate; therefore, he would not have received notice of the bar date.[2] Also, Wynne is not asserting a claim against the estate in the ordinary sense; he simply asserts that the trustee has erroneously seized property of a nondebtor entity against which he has a claim. Under these circumstances, the bar date has no application.

█ The trustee's argument that the estate has an equitable interest in the funds solely by virtue of 82% stock ownership is also without merit. A corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owes the corporate debts. 18A Am. Jur.2d *Corporations* § 749 (1985). *See Arkansas Iron & Metal Co. v. First Nat'l Bank*, 16 Ark.App. 245, 251, 701 S.W.2d 380, 383 (1985); *Red Bud Realty Co. v. South*, 96 Ark. 281, 291, 131 S.W. 340, 342 (1910). Assets of a corporation constitute a trust fund for the benefit of creditors which neither the officers nor the shareholders can divert or waste. *Horne Bros., Inc. v. Ray Lewis Corp.*, 292 Ark. 477, 481, 731 S.W.2d 190, 193 (1987). The debts and liabilities of the corporation must be satisfied before any distribution of assets can be made to shareholders upon dissolution. 19 Am.Jur.2d *Corporations* § 2866 (1986). *See Hollins v. Brierfield Coal & Iron Co.*, 150 U.S. 371, 383–84, 14 S.Ct. 127, 129–30, 37 L.Ed. 1113 (1893). Consequently, assets

---

1. The trustee also asserts that Wynne's state court judgment is void due to this Court's order of June 8, 1989, finding that the state court had no jurisdiction to compel the trustee to distribute the funds in question to Wynne. This argument is without merit. The judgment upon which Wynne relies is the initial April 28, 1986,

judgment in his favor against Sunbelt. The judgment that was the subject of this Court's June 8, 1989, order was a judgment against the trustee as garnishee.

2. The schedules do not list Wynne as a creditor.

of a corporation are not distributable as part of an individual shareholder's estate until all creditors' claims are paid. 18A Am.Jur.2d *Corporations* § 749, at 620; *Duncan v. Jones,* 450 N.E.2d 1019, 1021 (Ind.App.1983).

Therefore, the funds in question do not constitute property of the estate, and the trustee is without authority to retain possession of the funds for the benefit of creditors of the estate.

Wynne's motion for summary judgment is granted, and the trustee's motion for summary judgment is denied. It is, therefore, ordered that the sum of $9,507.21, plus any interest earned by the estate, shall be forthwith turned over to Wynne in partial satisfaction of his judgment against Sunbelt.

IT IS SO ORDERED.