Gonzales v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-230-CR

     RAMON GONZALES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 21,905-85
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Gonzales of his third driving while intoxicated offense, and the court
assessed punishment of five years imprisonment. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1
(Vernon Supp. 1994). In the first of four points of error, Gonzales argues that the court erred by
denying a motion to suppress the evidence gained from his arrest. In point two, he complains that
the court did not suppress his statements made during the traffic stop. Point three argues that the
police prevented him from obtaining evidence for his defense by failing to obtain a sample of his
blood. Finally, he challenges the sufficiency of the evidence to support his conviction. We will
affirm the judgment.
      In point one, Gonzales argues that the court should have suppressed all of the evidence gained
from his detention and arrest because the State failed to show that the officers had probable cause
to stop him. He claims that the police stopped him for driving without his headlights before the
law required the car's headlights to be lit. See Tex. Rev. Civ. Stat. Ann. art. 6701d, § 109
(Vernon 1977). To support this allegation, Gonzales points to sections of the World Almanac,
which he introduced during cross examination of the State's second witness, that indicate that
"twilight" ended, at the earliest, almost half an hour after he was initially stopped. Because the
law requires that the lights on vehicles be lit within half an hour after "sunset," Gonzales argues
that he was not violating the law and, so, the police did not have probable cause or authority to
detain him. See id.
      We must first consider whether this complaint was preserved for appellate review by a timely,
specific objection which the court ruled on adversely to Gonzales. See Tex. R. App. P. 52(a). 
At the beginning of the testimony of the State's first witness (the detaining officer) Gonzales
objected to testimony concerning statements made by him at the scene of his arrest on the ground
that the statements were the product of custodial interrogation occurring prior to the required
Miranda warnings. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966). This objection at trial (lack of Miranda warnings) does not comport with his argument
on appeal (lack of probable cause). Thus, this objection is not sufficient to preserve this point. 
See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). 
      Gonzales did not object to the first officer's testimony regarding the officer's observations and
conclusions at the scene that tended to show Gonzales' intoxication. Moreover, he did not object
to the evidence elicited from the State's second witness (the arresting officer) during the State's
direct examination. Nor did he object to a video tape of his attempts to perform a field sobriety
test at the Sheriff's Department, which was initially played for the jury during the first witness'
testimony and then replayed during the second witness' testimony. Not until the second day of
trial and the cross-examination of the State's second witness did Gonzales argue to the court that
all of the evidence should be suppressed due to the lack of probable cause to believe that he had
committed an offense. By this time, all of the evidence of Gonzales' intoxication had been placed
before the jury. The objection was too late, and the complaint is waived. See Tex. R. App. P.
52(a); Jacobs v. State, 787 S.W.2d 397, 406 (Tex. Crim. App.), cert. denied, 498 U.S. 881, 111
S.Ct. 231, 125 L.Ed.2d 731 (1990). Point one is overruled.
      In point two, Gonzales complains that the court allowed an officer to testify that he told the
officer he had drunk "two or three beers" just before driving the car. Gonzales argues that he was
"in custody" for Miranda purposes when the police officer requested his drivers license and asked
him how much he had drunk that evening. See Miranda, 384 U.S. at 436, 86 S.Ct. at 1602. 
However, Miranda warnings are not required when police question a driver who is temporarily
detained pursuant to an ordinary traffic stop. Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct.
3138, 3150, 82 L.Ed.2d 317 (1984).
      The officer asked Gonzales if he had been drinking before Gonzales was required to perform
the roadside sobriety test and before he was arrested. Thus, Gonzales was not "in custody" for
Miranda warning purposes, and the court did not err in denying his request to suppress the
incriminating statement. See id. Point two is overruled.
      In point three, Gonzales complains that the police failed to offer him the opportunity to
provide a blood sample for testing of his blood-alcohol content. This complaint derives from the
fact that Gonzales either could not or would not provide a sufficient breath sample for the police
to test his blood-alcohol level with the intoxilizer breath analyzer. However, Gonzales does not
indicate, nor can we locate, where he brought this compliant to the attention of the court. Because
he raises this argument for the first time on appeal, the complaint is waived. See Tex. R. App.
P. 52(a); Janecka v. State, 823 S.W.2d 232, 243-44 (Tex. Crim. App. 1992) (on rehearing). 
Point three is overruled.
      In point four, Gonzales challenges the sufficiency of the evidence to support his conviction. 
To obtain a conviction for D.W.I., the state must show that a defendant drove a motor vehicle
while intoxicated on a public road. Ford v. State, 571 S.W.2d 924, 925 (Tex. Crim. App. [Panel
Op.] 1978). In resolving the sufficiency-of-the-evidence issue, we view all the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Human v. State, 749
S.W.2d 832, 834 (Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of
the witnesses and is free to accept or reject any part of a witness' testimony. Lackey v. State, 819
S.W.2d 111, 116 (Tex. Crim. App. 1989).
      The State presented the testimony of two police officers who expressed opinions that Gonzales
was intoxicated when he drove his car on a public street. They testified that Gonzales smelled of
alcohol, that he swayed and stumbled when he walked, that he leaned on his car for support, and
that his words were slurred. The State played a videotape for the jury of Gonzales performing
sobriety tests at the Brazos County Sheriff's Office. This tape is not included in the record, so we
must presume that it also supports the jury's verdict. See State v. Pierce, 816 S.W.2d 824, 831
(Tex. App.—Austin 1991, no pet.).
      Gonzales argues that the evidence is not sufficient because there was no analysis of his blood-alcohol content. As indicted, the State was not required to prove that he had an illegal alcohol
content in his blood. Rather, it was required to demonstrate that he had lost the normal use of his
mental and physical faculties due to the introduction of alcohol into his body. See Tex. Rev. Civ.
Stat. Ann. art. 6701l-1(a)(2)(A). The officers testified to this fact, and the jury viewed a
videotape which also presumably supported their verdict. The evidence is sufficient. Point four
is overruled.
      The judgment is affirmed.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 13, 1994
Do not publish



9 S.W.2d. 578, 584 (Tex. Crim. App. 1986); Garcia, 17
S.W.3d at 6.
      We focus on only the second element because the State does not contest that assault is
within the proof necessary to prove the aggravated assault alleged in Davis’ case. See TEX.
PEN. CODE ANN. § 22.01(a) (Vernon Supp. 2000), § 22.02(a) (Vernon 1994). An assault
becomes an aggravated assault if the actor “exhibits a deadly weapon.” Id. § 22.02(a)(2). 
Consequently, a lesser-included-offense instruction was required if the record contains some
evidence that Davis did not exhibit a deadly weapon. Forest, 989 S.W.2d at 367. Even then,
it must be evidence that would permit a jury to rationally find that if Davis is guilty, he is
guilty only of the lesser-included offense of assault. Id. 
Is there evidence the steak knife was not a deadly weapon?
      Davis contends the steak knife used was not a deadly weapon. Under Texas law, a deadly
weapon is defined as: (A) a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its
use or intended use is capable of causing death or serious bodily injury. TEX. PEN. CODE
ANN. § 1.07(a)(17) (Vernon 1994); McCain v. State, No. 716-99, 2000 WL 640681, at *3-4
(Tex. Crim. App. Mar. 22, 2000). Although a knife is not a deadly weapon per se, a knife
can be found to be a deadly weapon based on the nature of its use or intended use. Thomas v.
State, 821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991); Garcia, 17 S.W.3d at 4. Factors
which are important in determining whether a knife is a deadly weapon in its use or intended
use are:
      1.   Size, shape, and sharpness of the knife;
      2.   Manner of its use or intended use;
      3.   The nature or existence of inflicted wounds;
      4.   Testimony of the knife’s life-threatening capabilities.
Garcia, 17 S.W.3d at 4.
      Davis contends that witnesses’ descriptions of the knife as a “little old bitty knife” and
“little old steak looking knife” provides evidence that the knife was not a deadly weapon. 
However, size alone is not determinative of whether a steak knife is capable of causing death
or serious bodily injury. See McCain, 2000 WL 640681, at *5; Fortenberry v. State, 889
S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d); see also Tisdale v.
State, 686 S.W.2d 110, 113 (Tex. Crim. App. 1984); Kent v. State, 879 S.W.2d 80, 83 (Tex.
App.—Houston [14th Dist.] 1994, no pet.); Ford v. State, 828 S.W.2d 525, 528 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref’d); Wilson v. State, 823 S.W.2d 777, 779-80 (Tex.
App.—Waco 1992), vacated on other grounds, 845 S.W.2d 908 (Tex. Crim. App. 1993). 
      In addition, although the knife was not used to inflict wounds, Onita testified that Davis
used the steak knife in a manner which would cause death or serious bodily injury. 
Furthermore, Officer John Roziski, Waco Special Investigations Unit, testified that the steak
knife had life threatening capabilities. Davis can cite evidence only that the knife was a small
steak knife. Consequently, although Davis produced evidence as to size of the knife, such
evidence would show only that the knife was a small deadly weapon.
      As a result, we find that the record does not contain evidence which would permit a jury
to rationally find that Davis did not use a deadly weapon. Thus, the evidence does not satisfy
the second element of the Rousseau test, and Davis was not entitled to an instruction on the
lesser-included offense of assault. Rousseau, 855 S.W.2d at 672-73. Issue two is overruled.
      We affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 21, 2000
Publish