The Honorable Russell Bennett State Representative 95 Lafayette 44 Lewisville, AR 71845
Dear Representative Bennett:
This is in response to your request for an opinion concerning the Walkers Creek — State Line Water Association, (hereinafter "Association" or "Water Association") which you have identified as a small rural water association. According to your correspondence, the Association has had difficulty getting and keeping a system operator. The last one resigned and the President of the Association, who has been on the Board for the last ten years, has expressed his willingness to serve in that position. You state that he receives no pay as a Board member. He would receive some compensation for his work as system operator. It has been suggested that it would be a conflict of interest for this person to serve in both positions, and you have asked whether it could be worked out so that he could hold both positions without there being a conflict.
RESPONSE
It is my opinion that this individual's service as both President of the Water Association and system operator is not void per se on conflict of interest grounds. This arrangement will, however, likely be closely scrutinized, and if challenged the President may have the burden of proving good faith and fairness to the Association.
Although you have not indicated the exact status of the Water Association, I assume that it was formed as a nonprofit corporation under either the old "Arkansas Nonprofit Corporation Act," A.C.A. §§ 4-28-201 to -206 and 4-28-209 to -223 (Repl. 1996) or the "Arkansas Nonprofit Corporation Act of 1993," A.C.A. §§ 4-33-101 to -1707 (Repl. 1996 and Supp. 1999). I thus also assume that the statutory and common law conflict-of-interests proscriptions that expressly apply only to public officers are not applicable in this instance.[1] Rather, the inquiry in this case must focus on the rules that apply in the private sector with respect to a corporate officer's dealings with the corporation.
According to my research, Arkansas adheres to the rule obtaining in a majority of the jurisdictions that a contract or transaction between a corporation and a director or officer is not void per se. See HorneBrothers, Inc. v. Ray Lewis Corp. 292 Ark. 477, 731 S.W.2d 190 (1987);Cook v. Malvern Brick Tile Co., 194 Ark. 759, 109 S.W.2d 451 (1937);Harris v. United Service Company, 182 Ark. 779, 32 S.W.2d 618 (1930). Seealso generally 19 C.J.S. Corporations § 507 (1990). The court in Cook,supra, expressed the majority rule as follows:
 [A] director may deal or contract with the corporation where he acts in good faith and the corporation is represented by a quorum of disinterested directors or other independent officers or agents authorized to contract for it. Such a contract is not void per se nor is it voidable, except for unfairness or fraud, for which it will be closely scrutinized in equity. Similarly an officer may deal with the corporation if his acts are open and fair and known to the directors . . .; but all dealing between an officer of a corporation and board of directors must be scrutinized.
194 Ark. at 768.
Arkansas' adherence to this rule with respect to a nonprofit corporation is confirmed by the above-referenced nonprofit corporation acts, both of which contemplate transactions between an officer or director and the corporation. See A.C.A. § 4-33-140 (14) (definition of "employee" contemplates the employment of an officer or director by the corporation); A.C.A. § 4-33-831 (imposing requirements on "conflict of interest transactions.")
It is therefore my opinion that there is no general proscription in this situation against the President of the Association being hired as system operator. The circumstances surrounding his employment will, however, likely be closely scrutinized to ascertain fairness to the Association. The employment should be "open and fair and known" to the board of directors. See generally Cook, supra. The Arkansas Supreme Court has also stated that where an officer or director deals with the corporation, the burden is upon those claiming under such contracts to prove that they "are made in good faith and fair to the corporation." Horne Brothers,Inc., supra, 292 Ark. at 481. I believe prudency dictates that the board approve or ratify the employment arrangement. See generally 19 C.J.S.Corporations, supra, at §§ 509 and 510.
It should also be noted that the Association's articles of incorporation and bylaws could conceivably address this matter. According to A.C.A.4-28-209(6), nonprofit corporations are authorized to manage their internal affairs in any desired manner so long as the provisions of the Nonprofit Corporation Act or any other laws are not violated. See also
A.C.A. 4-33-302(3) (providing that corporations covered by the 1993 act may make and amend bylaws not inconsistent with its articles of incorporation or with the laws of the state, for regulating and managing the affairs of the corporation). Such corporations may do "any and all things necessary, convenient, useful, or incidental to the attainment of [their] purposes as fully and to the same extent as natural persons lawfully might or could do" so long as they are consistent with the provisions of the act. A.C.A. 4-28-209(7). See also A.C.A. 4-33-302(18) (providing that corporations covered by the 1993 act may do all things necessary or convenient, not inconsistent with law, to further the activities and affairs of the corporation).
Reference should thus be made to the corporate documents to determine whether there are any relevant internal regulations or operating procedures.
It must be recognized, finally, that a potential conflict exists as long as the President serves as system operator. As President, he has a fiduciary duty to the Association. He must therefore be constantly vigilant in exercising the highest good faith to avoid the charge that he failed in his obligation to act only in a fiduciary capacity as President of the Association. Whether he ever acts out of self-interest or whether his actions are detrimental to the Association such that a prohibited conflict arises will of course be a question of fact under the particular circumstances. As stated above, his employment is not prohibited. It is only a misuse of the fiduciary position that is prohibited.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] See, e.g., A.C.A. § 14-42-107 (Repl. 1998) (prohibiting, with certain exceptions, city council members from being interested in municipal contracts) and Davis v. Doyle, 230 Ark. 421, 423,323 S.W.2d 202 (1959) (reciting the common law proscription against "a contract made by an officer of a municipality with himself, or in which he is interested," and noting that A.C.A. § 14-42-107, supra,
is "declaratory of the common law.")